Howard Kleinhendler (HK-5712)
Meagan A. Zapotocky (MZ-8505)
WACHTEL & MASYR, LLP
110 East 59th Street
New York, NY 10022
(212) 909-9500

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                            :

BORN FREE, INC.,

                                :   Case No. 09-cv-7643
                  Plaintiff,        (HB) (AJP)
                                 :

- against -

                                            :   **DEFENDANT'S ANSWER**

SUCCESS APPAREL, LLC, d/b/a
SUCCESS APPAREL GROUP,              :   **JURY TRIAL DEMANDED**

                         Defendant.       :

                                              :

---------------------------------------------------------------- X

     Defendant Success Apparel, LLC ("Success"), by and through its undersigned counsel,

answers the Complaint of plaintiff Born Free, Inc. ("Born Free") as follows:

     1.     Defendant does not have sufficient information or knowledge to form a belief as

to the truth of the allegations contained in paragraph 1 of plaintiff's Complaint and defendant

therefore denies those allegations.

     2.     Defendant does not have sufficient information or knowledge to form a belief as

to the truth of the allegations contained in paragraph 2 that the members of Success Apparel,

LLC are citizens of the State of New York, but admits all remaining allegations.

3.      Defendant does not have sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's Complaint.

4.      Defendant denies the allegations contained in paragraph 4 of plaintiff's Complaint.

5.      Defendant does not have sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's Complaint.

6.      No response is required to the allegations contained in paragraph 6 of plaintiff's Complaint, as they allege no claim or factual allegation against defendant.  However, to the extent it is ever deemed that a response thereto is required, defendant denies each and every allegation contained in paragraph 6 of plaintiff's Complaint.

7.      Defendant does not have sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's Complaint and defendant therefore denies those allegations.

8.      Defendant admits the allegations contained in paragraph 8 of plaintiff's Complaint, except denies that Success apparel has imported and marketed a line products and accessories bearing the JOHN DEERE trademarks and logos since approximately August 2004.

9.      Defendant admits the allegations contained in paragraph 9 of plaintiff's Complaint, except denies that Success has sold JOHN DEERE branded products since its inception.

10.     Defendant admits only that Born Free and Success entered into a written agreement on or about August 3, 2004, the terms of which speak for themselves.  Defendant denies the remaining allegations contained in paragraph 10 of plaintiff's Complaint.

11.     Defendant admits only that Born Free and Success entered into a written agreement, the terms of which speak for themselves.  Defendant denies the remaining allegations contained in paragraph 11 of plaintiff's Complaint.

12.     Defendant admits the allegations contained in paragraph 12 of plaintiff's Complaint.

13.     Defendant does not have sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of plaintiff's Complaint and defendant therefore denies those allegations.

14.     Defendant denies the allegations contained in paragraph 14 of plaintiff's Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of plaintiff's Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of plaintiff's Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of plaintiff's Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of plaintiff's Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of plaintiff's Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of plaintiff's Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of plaintiff's Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of plaintiff's Complaint.

## COUNT I

23.     Defendant incorporates by reference paragraphs 1-22 of its Answer.

24.     Defendant admits only that Born Free and Success had a written sales representative agreement, the terms of which speak for themselves.  Defendant denies any allegations contained in Paragraph 24 of plaintiff's Complaint that are inconsistent with those terms.

25.     Defendant denies the allegations contained in paragraph 25 of plaintiff's Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of plaintiff's Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of plaintiff's Complaint.

28.     Defendant admits only that Born Free and Success had a written sales representative agreement, the terms of which speak for themselves.  Defendant denies any allegations contained in Paragraph 28 of plaintiff's Complaint that are inconsistent with those terms.

29.     Defendant denies the allegations contained in paragraph 29 of plaintiff's Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of plaintiff's Complaint.

## COUNT II

31.     Defendant incorporates by reference paragraphs 1-30 of its Answer.

32.     Defendant does not have sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 32 of plaintiff's Complaint and defendant therefore denies those allegations.

33.     Defendant does not have sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 33 of plaintiff's Complaint and defendant therefore denies those allegations.

34.     Defendant admits only that Born Free and Success had a written sales representative agreement, the terms of which speak for themselves.  Defendant denies any allegations contained in Paragraph 34 of plaintiff's Complaint that are inconsistent with those terms.

35.     Defendant admits only that Born Free's sales territory included the state of Georgia.  Defendant does not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 35 of plaintiff's Complaint and defendant therefore denies those allegations.

36.     Defendant denies the allegations contained in paragraph 36 of plaintiff's Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of plaintiff's Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of plaintiff's Complaint.

39.     No response is required to the allegations contained in paragraph 39 of plaintiff's Complaint, as they allege no claim or factual allegation against defendant.  However, to the extent it is ever deemed that a response thereto is required, defendant denies each and every allegation contained in each wherefore clause contained in plaintiff's Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of plaintiff's Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of plaintiff's Complaint.

## **COUNT III**

42.     Defendant incorporates by reference paragraphs 1-41 of its Answer.

43.     Defendant does not have sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 43 of plaintiff's Complaint and defendant therefore denies those allegations.

44.     Defendant does not have sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 44 of plaintiff's Complaint and defendant therefore denies those allegations.

45.     Defendant denies the allegations contained in paragraph 45 of plaintiff's Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of plaintiff's Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

The relief being sought by plaintiff is barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

### Third Affirmative Defense

The relief being sought by plaintiff is barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

To the extent that defendant had any contractual or other obligations whatsoever to plaintiff, it has complied with them.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the terms of the parties' agreement, including all modifications resulting from the parties' course of conduct, written agreements, including agreements set forth in electronic mail.

## Sixth Affirmative Defense

The relief being sought by plaintiff is barred, in whole or in part, by set-off and/or recoupment.

## Seventh Affirmative Defense

To the extent that plaintiff has suffered any damages as a result of the allegations in the Complaint; the damages are not the fault or responsibility of defendant.

## Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

## Ninth Affirmative Defense

Plaintiff's damages, if any, were caused by persons and entities over which defendant had no control or right of control.

**WHEREFORE**, defendant respectfully requests that judgment be entered in its favor as follows:

(a)     dismissing plaintiff's Complaint against it with prejudice in its entirety;

(b)     awarding it the costs, expenses and attorney's fees incurred in defense of this action; and

(c)     awarding it such other and further relief as may be just and proper.

## **JURY DEMAND**

Defendant demands a trial by jury.


Dated:  New York, New York
         October 12, 2009                 **WACHTEL & MASYR, LLP**


                               By: /s/ Howard Kleinhendler
                               Howard Kleinhendler (HK-5712)
                               Meagan A. Zapotocky (MZ-8505
                               Attorneys for Success Apparel LLC
                               110 East 59th Street
                               New York, New York 10022
                               (212) 909-9500